513 P.2d 381

**The STATE of Arizona, Appellee,**

v.

**Carl Andrew DAVIS, Appellant.**

**No. 2 CA–CR 334.**

Court of Appeals of Arizona, Division 2.

Aug. 21, 1973.

---

Gary K. Nelson, Atty. Gen. by Stanley L. Patchell, Asst. Atty. Gen., Phoenix, for appellee.

Karman & Brumage by David M. Ochoa, Casa Grande, for appellant.

KRUCKER, Judge.

Appellant was charged with burglary in the first degree on October 20, 1972. He fled the state, was subsequently apprehended in Spokane, Washington, and returned to Arizona. On December 26, 1972, appellant, with court-appointed counsel, waived his preliminary hearing and was then arraigned on January 8, 1973, at which time

he entered a plea of guilty to the crime of burglary, first degree.

Appellant's counsel filed a brief as mandated by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), presenting one arguable error, i. e., appellant did not knowingly waive his rights. We afforded appellant an opportunity to file a brief on his own behalf, which he did, and after considering same and the arguable error advanced by counsel, we find no grounds for reversal.

Before accepting the plea of guilty, the trial judge established, from the words of appellant, his level of education and duration of his incarceration prior to his appearance before the court on January 8, 1973. The judge inquired as to appellant's understanding of his constitutional rights, specifically his right to a jury trial, his right to remain silent, his right to confront witnesses and his right to testify and subpoena witnesses on his own behalf. The judge further inquired as to whether appellant had been coerced into pleading guilty. He then explained that the maximum possible sentence for burglary in the first degree was 15 years in the Arizona State Prison. He asked appellant if there was a factual basis for his guilty plea. Appellant replied that he did commit the crime and explained that he took some silver certificates and silver coins. He described how he entered the house and admitted that he entered with the intent to steal. The time of entry was established to be approximately 9:15 p. m., after dark on the evening of October 20, 1972.

Appellant was questioned concerning his satisfaction with his attorney and indicated that he was satisfied with his attorney's services. He then plead guilty to the charge of burglary, first degree. At the time of sentencing, January 16, 1973, the court found appellant guilty and sentenced him to not less than six nor more than seven years in the Arizona State Prison. The penalty imposed is within the range of punishment for a first-degree burglary conviction.

Thus, we see that the trial court, before accepting appellant's plea, heeded the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and properly satisfied itself that the plea was voluntarily and intelligently made. The record reflects that appellant was represented by counsel at all stages of the proceedings. Our review of the record, as required by A.R.S. § 13–1715, discloses no fundamental error.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.